IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Raekwon Cortez Ford,<br><br>   Plaintiff,<br> v.<br><br>Richland County, Tyrel Cato, Gregory Noble, Jeffrey Walker, and Billy Slappy,<br><br>   Defendants. | Case No. 8:23-cv-02963-RMG<br><br>**ORDER** |

  Before the Court is the Report and Recommendation of the Magistrate Judge, (Dkt. No. 69) (the "R&R"), recommending that Plaintiff's partial motion for summary judgment be denied and Defendants' motion for summary judgment be granted in part and denied in part. For the reasons set forth below, the Court adopts the R&R, denies Plaintiff's motion for partial summary judgment, and grants in part and denies in part Defendants' motion for summary judgment.

**I. Background**

  This action arises from Plaintiff's assault by a fellow inmate at the Alvin S. Glenn Detention Center in Richland County, South Carolina, on July 21, 2022. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Defendants Richland County, Tyrel Cato, Gregory Noble, Jeffrey Walker, and Billy Slappy (collectively, "Defendants"). Plaintiff's amended complaint includes the following claims: Unconstitutional Conditions of Confinement under the Fourteenth Amendment of the U.S. Constitution against Cato, Noble, and Walker; Unconstitutional Conditions of Confinement under the Fourteenth Amendment of the U.S. Constitution and *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), against Richland County and Cato; Deliberate Indifference to Serious Medical Needs under the Fourteenth

1

Amendment of the U.S. Constitution against Cato and Noble; Deliberate Indifference to Serious Medical Needs under the Fourteenth Amendment of the U.S. Constitution and *Monell* against Richland County and Cato; Failure to Protect under the Fourteenth Amendment of the U.S. Constitution against Slappy; and Gross Negligence under the South Carolina Tort Claims Act against Richland County. (Dkt. No. 29).

On February 28, 2025, Plaintiff filed a motion for partial summary judgment regarding his claims against Defendant Slappy for Failure to Protect and Defendant Richland County for Gross Negligence. (Dkt. No. 62). Defendants opposed the motion, (Dkt. No. 65), and Plaintiff replied. (Dkt. No. 68). On February 28, 2025, Defendants filed a motion for summary judgment, (Dkt. No. 63), which Plaintiff opposed. (Dkt. No. 64). Defendants replied. (Dkt. No. 67).

The Magistrate Judge issued a 56-page R&R order on July 31, 2025, which methodically reviewed each of Plaintiff's six causes of action against the five named Defendants and recommended as follows:

1. Deny Plaintiff's motion for partial summary judgment regarding the claims for Failure to Protect against Defendant Slappy and Gross Negligence under the South Carolina Tort Claims Act against Defendant Richland County (Fifth and Sixth Causes of Action);

2. Grant Defendants' motion for summary judgment regarding the Conditions of Confinement claims except for that portion of the First Cause of Action that the Magistrate Judge found asserted a Failure to Protect claim against Defendant Walker (First and Second Causes of Action). The Magistrate Judge recommended that the Defendants' motion for summary judgment regarding the Failure to Protect claim against Defendant Walker be denied;

3. Grant Defendants' motion for summary judgment regarding the Deliberate Indifference claims (Third and Fourth Causes of Action);

2

    4.   Deny Defendants' motion for summary judgment regarding the Failure to Protect claim against Defendant Slappy (Fifth Cause of Action); and

    5.   Deny Defendants' motion for summary judgment regarding the Gross Negligence claim under the South Carolina Tort Claims Act against Defendant Richland County (Sixth Cause of Action).

In sum, the Magistrate Judge recommended that Defendants' summary judgment motion be granted against all the claims asserted in the Amended Complaint (Dkt. No. 29), except the claims against Defendant Slappy for Failure to Protect and Defendant Richland County for Gross Negligence. Additionally, the Magistrate Judge recommended the denial of Plaintiff's motion for partial summary judgment regarding the claims against Defendant Slappy for Failure to Protect and Defendant Richland County for Gross Negligence.

Plaintiff filed a single objection to the R&R, contesting the Magistrate Judge's recommendation that his motion for partial summary judgment regarding the Failure to Protect claim against Defendant Slappy be denied. (Dkt. No. 70). Defendants filed a reply. (Dkt. No. 71). Defendants filed no objections to the R&R.

This matter is now ripe for the Court's review.

## II.  Legal Standard

### A.  Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under

applicable law. *See id*. Therefore, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987) (citation omitted).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996) (citation omitted). The movant bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, must demonstrate that specific, material facts exist that give rise to a genuine issue. *See id*. at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### B. Magistrate Judge's Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to

accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### III. Discussion

#### A. **The Recommendation of the Magistrate Judge in which No Objections Have Been Made**

The Court has reviewed the full record and applicable law regarding all claims in which the Magistrate Judge recommended the grant of summary judgment, and no party asserted objections. The Court finds that the Magistrate Judge ably summarized the factual and legal issues regarding each of these claims and finds that the Magistrate Judge correctly concluded that Defendants' motion for summary judgment be granted regarding these unobjected to claims. The Court has further reviewed the recommendation of the Magistrate Judge that Defendants' motion for summary judgment regarding the Failure to Protect claim against Defendant Slappy and the Gross Negligence claim against Defendant Richland County be denied. No party filed objections to these recommendations. The Court finds that the Magistrate Judge ably summarized the factual and legal issues regarding these claims and correctly concluded that Defendants' motion for summary judgment be denied regarding these claims.

#### B. **Plaintiff's Objection to the Recommendation that his Motion for Partial Summary Judgment should be denied regarding the Failure to Protect Claim Against Defendant Slappy**

Plaintiff asks the Court to grant partial summary judgment regarding his Failure to Protect claim against Defendant Slappy. (Dkt. No. 70). Plaintiff contends that the Magistrate Judge's conclusion that there was a genuine issue of material fact as to that claim was based entirely on the erroneous factual finding that Defendant Slappy took some action to protect Plaintiff; specifically, Plaintiff objects to the Magistrate Judge's finding that Defendant Slappy took some

action to protect Plaintiff by drafting an incident report on July 20, 2022[1]—the day before Plaintiff was attacked—that noted that the inmate who later attacked Plaintiff was seen with a weapon and could open the door of his cell from the inside.[2] *Id*. Plaintiff argues that the record lacks evidence to establish that Defendant Slappy was the individual who drafted the report, that he completed it on July 20, 2022, or that he submitted it to his supervisors in a timely fashion. *Id*. In response, Defendants contend that the incident report was dated July 20, 2022, and listed Defendant Slappy as the "Staff Member Reporting Incident," and thus, there was at least some evidence of when the report was completed and who authored it. (Dkt. No. 71). Moreover, Defendants posit that there is other evidence beyond the incident report that shows Defendant Slappy took some action to protect Plaintiff, including evidence that Defendant Slappy signaled a "code red" after the other inmate was able to open his own cell from the inside. *Id*.

Plaintiff's objection to the recommendation of the Magistrate Judge raises issues never pled in the amended complaint or asserted before the Magistrate Judge. "A magistrate's decision should not be disturbed on the basis of arguments not presented to him." *Keitt v. Ormond*, No. 5:06-cv-01069, 2008 WL 4964770, at *1 (S.D. W. Va. Nov. 13, 2008) (quoting *Jesselson v. Outlet*

---

[1] Defendant Slappy's Incident Report stated:

> On the above date and approximate time [July 20, 2022, at 1:50 p.m.], sitting doing suicide, Webb, Elijah . . .opened up his cell door with a shank in his hand trying to get Ford, Raekwon to come out of the shower to fight.

(Dkt. No. 62-2).

[2] The Magistrate Judge reasoned that this evidence conflicted with evidence that Defendant Slappy knew of the threat the other inmate posed and failed to take action to protect Plaintiff, creating a genuine issue of material fact. (Dkt. No. 69, at 50).

*Assocs. of Williamsburg, Ltd. P'ship*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991)). "[T]he purpose of the Magistrates Act is to allow magistrates to assume some of the burden imposed on the district courts and to relieve courts of unnecessary work." *Id*. at *2 (quoting *Jesselson*, 784 F. Supp. at 1228–29). "Allowing parties . . . to raise new issues or arguments at any point in the life of a case would" frustrate this purpose and "result in a needless complication of litigation." *Id*. Instead, "[p]arties should fully plead their claims, and fully advance their arguments, at all stages of litigation, unless they are prepared to waive them." *Id*.

A review of Plaintiff's Amended Complaint and motions to the Magistrate Judge shows that he never challenged the reliability of Defendant Slappy's report. (Dkt. Nos. 29, 62, 64, 68). Indeed, it would have been quite strange for Plaintiff to make that argument considering that he posited that it was an "uncontroverted fact" that "Defendant Slappy . . . wrote a report" and that "Defendant Slappy's report establishes . . . that Webb popped out of his cell in the lockdown unit . . . with a shank in his hand seeking to fight Plaintiff . . . on July 20, 2022." (Dkt. No. 62-1, at 11-12). Relatedly, in the introductory paragraph of his motion for partial summary judgment, Plaintiff noted that the focus of the motion was "Defendant Slappy's written incident report on July 20, 2022." (Dkt. No. 62-1, at 1).

Furthermore, the premise of Plaintiff's Failure to Protect claim against Defendant Slappy—that Defendant Slappy was deliberately indifferent to Plaintiff's safety—relies on the assertion that Defendant Slappy drafted the incident report. In other words, Plaintiff's motions to the Magistrate Judge do not contend that Defendant Slappy did nothing, but instead that what he did (i.e., drafting an incident report on July 20, 2022) was an inadequate response to the known threat. Thus, Plaintiff's Failure to Protect argument (as it was articulated in his Amended Complaint and argued to the Magistrate Judge) would be illogical without acknowledging that

7

Defendant Slappy took some action: writing the report the day he witnessed the incident between Plaintiff and the other inmate.

Nevertheless, while the Court is not obligated to consider arguments being raised for the first time in objections to a magistrate's report, it may exercise its discretion to address such arguments when it sees fit. See *Dune v. G4s Regulated Sec. Sols., Inc.*, No. 0:13-cv-01676-JFA, 2015 WL 799523, at *2 (D.S.C. Feb. 25, 2015). In this case, the court sees no reason to exercise its discretion. "[A]llowing parties to rely on arguments not presented to the magistrate judge . . . wastes judicial resources." *Nelson v. Town of Mt. Pleasant Police Dep't*, No. 2:14-cv-4247-DCN, 2016 WL 5110171, at *3 (D.S.C. Sep. 21, 2016) (citation omitted). And "[t]he court has no interest in bearing the burden created by [Plaintiff's] own failure to present [his] . . . arguments to the magistrate judge. To do so would only encourage such behavior." *Id*. Therefore, the Court declines to address Plaintiff's newly presented arguments on the reliability of Defendant Slappy's report.

Because Plaintiff did not properly object to the R&R, the Court has reviewed the record for clear error. The Court finds no such error.

## IV.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the R&R of the Magistrate Judge (Dkt. No. 69) as the Order of the Court; **DENIES** Plaintiff's motion for partial summary judgment (Dkt. No. 62); and **GRANTS** Defendants' motion for summary judgment (Dkt. No. 63) on all causes of action except the Failure to Protect claim against Defendants Slappy and Walker and the Gross Negligence claim against Defendant Richland County.

**AND IT SO ORDERED.**

                                                                                             s/ Richard M. Gergel
                                                                                             Richard Mark Gergel
                                                                                             United States District Judge

September 1, 2025
Charleston, South Carolina